McKINNEY ET AL. *v.* HELMS, COUNTY AUDITOR ET AL.

[No. 15,781. ]

*Robert H. McKinney* and *A. T. Livengood*, for appellants.

*W. N. White, C. W. Dice, L. P. Little* and *Ward Williams*, for appellees.

CURTIS, J.—The appellees in their brief say that the appellants' statement of the nature of the action and the record are correct. We therefore quote from it as follows: "Appellants on the 28th day of May, 1936, filed their complaint in the Fountain Circuit Court of Fountain County, Indiana, against the appellees to enjoin the County Treasurer of Fountain County, Indiana, from delivering a certain bond issue of said county in the sum of $136,000.00 to the successful bidder therefor, which bonds were issued pursuant to an ordinance passed on the 16th and 17th days of December, 1935, by the Fountain County Council of Fountain County, Indiana, to obtain moneys to pay fifty-five (55%) per cent of the construction costs of a new court house in connection with a Federal Aid grant to be made by the Public Works Administrator of 45% thereof; and to enjoin the Board of County Commissioners of Fountain County, Indiana, from permitting the construction of a new court house by the successful bidder in letting the construction contract therefor; and further seeking to enjoin the Fountain County Council from levying a tax on the taxable property of these appellants and all property owners and taxpayers in said county, for the payment of said bonds and interest thereon; and also to enjoin the County Auditor of Fountain County, In-

diana, from entering said tax so to be levied, on the tax duplicates of said county; and to enjoin the County Treasurer of Fountain County, Indiana, from collecting such tax, the grounds therefor are that at the time the Fountain County Council, on December 16th and 17th, 1935, by ordinance passed by it, appropriated the sum of $136,000.00 to pay said fifty-five (55%) per cent of the total cost of the construction of such new court house, and authorized by ordinance the issuance of said bonds of Fountain County, Indiana, in said amount to pay Fountain County's share of such construction, said Fountain County Council was in special session of such council, and that no emergency to construct and build a new court house had arisen since its regular annual meeting in September, 1935.

The appellees herein filed their answer in two paragraphs, the first being a general denial and the second alleged that the emergency for making an appropriation for the construction of a new court house at the County Seat in Fountain County, Indiana, arose after the regular annual meeting of the Fountain County Council of Fountain County, Indiana, and existed at the time of the special meeting of the Fountain County Council on December 16th and 17th, 1935.

The appellants filed their reply in general denial to said second paragraph of answer, and by agreement of all parties in open court, said cause was immediately submitted to the court for hearing and said cause was heard in the afternoon of said day.

Whether or not an emergency arose for such proceedings of the County Council in said special meeting after its regular annual meeting in September, 1935, was the issue and the only issue in this cause.

The complaint, the general denial and second paragraph of answer of the appellees to appellants' complaint and the reply in general denial of the appellants

to the second paragraph of appellees' answer, present this issue, the contentions of the appellants being that at the time the Fountain County Council met in special session on December 16th and 17th, 1935, the court house was practically in the same condition as it was during the regular annual meeting of said Council in 1935."

The finding of the court was for the appellees and a judgment was accordingly rendered denying the injunction and for costs. The appellants seasonably filed a motion for a new trial which was overruled and this appeal was then prayed and perfected. The only error assigned is the ruling on said motion, the causes of which are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

The appellants have generously aided the court in ascertaining the facts by their statement in their brief to the effect that the second paragraph of the appellees' answer alleges the facts in the case and that the evidence supports the allegations thereof. We quote the said paragraph of answer as follows: "The defendants in the above entitled cause of action for a second and further paragraph of their separate, several and joint answer to plaintiffs' complaint herein, answer and say; that the defendant, Zone A. Helms, is the duly elected, qualified and acting County Auditor of Fountain County, Indiana, and has been such Auditor continuously for more than two years last past; that the defendant, William W. Light, is the duly elected, qualified and acting County Treasurer of Fountain County, Indiana, and has been such Treasurer continuously for more than two years last past; that the defendants, William T. Willett, Warren A. Randolph and Robert L. Martin are each and all duly elected, qualified and acting Commissioners of Fountain County, Indiana, and that collectively they constitute the Board of Commissioners of

the county of Fountain, State of Indiana; that the defendants, Samuel Van Dorn, Cy Van Deventer, Ralph Hesler, Freeman Knowles, Sherman Strader, Earl Brown and William A. Parish are and constitute the Fountain County Council of Fountain County, Indiana.

Defendants further aver that heretofore about the year 1860, Fountain County, Indiana, rebuilt and remodeled the court house of said county, which had been destroyed by fire, upon real estate owned by said county, at the county seat in Covington, Indiana, that such court house so rebuilt and remodeled was constructed of soft brick and wood, and was thereafter occupied and used by all county officers, in the transaction of the business of said county and by the citizens of said county generally, in the transaction of public business; that by reason of the continued use of said court house since its reconstruction as aforesaid, and by reason of the deterioration of the material of which it was constructed, the walls of said building became weakened and said building became unsafe and a menace to the occupants thereof and to the public generally, gathered therein for the transaction of the public business of said county; and such building became and was a fire hazard and because of the accumulation of the public records of said county and the increase of the public business of said county, said court house was inadequate for the proper care of the books and records of said county, and the transaction of the business thereof; that the same was condemned by the State Fire Marshal on the 6th day of November, 1933, as being unsafe and unsanitary and a fire hazard, and was ordered torn down and removed, which said order was served upon the Board of Commissioners of the county of Fountain at said time, but that thereafter a temporary extension of time was granted within which said building should be removed and destroyed; that at no time after said

condemnation of said building on the 6th day of November, 1933, to the present time, has the bonded indebtedness of said county and the assessed value of the taxable property of Fountain County, been so proportionate as to enable the Board of Commissioners to issue the bonds of said county in a sufficient amount to remove said court house and rebuild a new court house, adequate for the needs of the county; that the total assessed value of the taxable property of Fountain County for the year 1935 was $16,033,310.00, and that during said time the bonded indebtedness of said county, including principal and interest, was approximately $135,000.00; that during the month of July, 1935, the Board of County Commissioners of Fountain County, Indiana, made an application to the Works Progress Administration for a grant to aid in the construction of a new court house, based upon an estimated cost of $389,800.00, that said grant was refused, that no estimate was made by the Board of Commissioners of the county of Fountain to be submitted to the consideration of the county council at its regular annual meeting in September, 1935, for the construction of a court house, for the reason that the taxable property of said county and the bonded indebtedness of said county were such that said county could not issue its bonds for a sum sufficient to finance the construction of a court house, adequate for the needs of the county, and that the grant asked for from the Works Progress Administration had been refused. That on the 28th day of August, 1935, a telegram was received from the Administrator of the Public Works Administration of the United States, for the State of Indiana, that if an application could be filed before September 5, 1935, with the Public Works Administration, for a grant to aid in the construction of a new court house for Fountain County, based upon a new and lower estimate, that in all probability such

grant would be made; that thereafter and on August 31, 1935, such application was made, based upon an estimate of $246,000.00, that after said application was so made no further definite assurance was received until in November, 1935, when assurance was given to the Board of Commissioners of the county of Fountain, State of Indiana, that if Fountain County would act immediately and would proceed at once to raise 55% of the cost of the construction of a new court house, based upon an estimated cost of $246,000.00, that the Federal Government, through the Public Works Administration, would make a grant of 45% of such cost, and would raze the old court house without cost to the county, that upon the receipt of such assurance and acting thereon and realizing the needs of said county for a new and adequate court house, and realizing the inability of the county to finance the construction of a court house, adequate to the needs of the county, without aid, and realizing the dangerous condition of the present court house and the danger to the books and records of said county from fire, and the danger to the occupants of said building, and the public generally when transacting public business in said building, the Board of Commissioners on the 3rd day of December, 1935, adopted an estimate for the construction of a new county court house, prepared by an architect who had been engaged for the purpose of said estimate by said Board, and at said time said Board of Commissioners entered an order on the records of said Board, directing the Auditor to call the county council in special session at the earliest possible legal date, for the purpose of making an appropriation and authorizing the issuance of bonds to finance the county's part of the construction of said court house; that thereafter and pursuant to said order, the said county auditor gave notice to the taxpayers of Fountain County, Indiana, of the special meeting of the Fountain

County Council, to be called on December 16 and 17, 1935, for the purpose of consideration of an additional appropriation for the construction of a new court house building for Fountain County, Indiana, and the authorization of the issuance of bonds of said county for the payment of 55% of the cost of construction of said court house, that said council did meet on said 16th and 17th day of December, 1935, for said purpose, and being advised of the inadequacy of the present court house to accommodate the business of said county, and the fire hazard and the dangers to the public records and books of said county, and of the dangerous condition and the deteriorated state of said building, and of the inability of Fountain County to construct, without aid, a court house for said county, adequate to the needs of the business thereof, and of the offer of the Federal Government to make a grant of 45% of the cost of a new court house, based upon an estimate of $246,000.00, and to remove the old court house, providing such grant was accepted immediately, and providing that the County Council made the appropriation at once for the county's part of the cost of such court house; said council declared that an emergency existed for an additional appropriation for the construction of a new county court house and appropriated the sum of $136,000.00 and authorized the issuance of bonds of Fountain County for said amount for said purpose. That no remonstrance was filed against said proposed bond issue and the same was approved by the State Board of Tax Commissioners. That at said time the court house of Fountain County was inadequate for its needs, also a fire hazard, that the public records were exposed to the dangers of fire, that because of the deteriorated condition of the building, it was dangerous to the occupants and to the public generally, that Fountain County was unable, alone, because of its financial condition, to build a new court house

adequate for the needs of the county; that said old court house could not be safely repaired because of the material of which it was constructed, and because of the deteriorated condition of the soft bricks out of which it was build; that said Council at said time was confronted with the proposition of making the appropriation at said time, or of indefinitely postponing the construction of a new and adequate court house for the needs of Fountain County; that such appropriation could not be made at a regular annual session of said council, for the reasons aforesaid; that said appropriation could not be postponed until the next annual meeting of said Council for the reason that the taxable property of Fountain County would not be sufficient to enable the county to issue its bonds for a sum sufficient to enable it to construct a court house unaided, and that if said appropriation had been so postponed the offer of a grant from the Public Works Administration would have been withdrawn.

That thereafter and pursuant to the appropriation of said County Council and the authorization of the issuance of bonds of Fountain County, Indiana, in the amount of $136,000.00, said Board of Commissioners authorized the construction and advertised for bids for the construction of a new court house and also authorized the Auditor of Fountain County to advertise the said bonds of said county for sale, which bonds were so advertised by said Auditor for sale for the 4th day of May, 1936, and on said day said bonds were duly sold to ———— at an interest rate of 3½% and at a premium of $1,000.00; that after said Council had made said appropriation as aforesaid, at the special session on December 16 and 17, 1935, and authorized the issuance of said bonds of said county for $136,000.00, as aforesaid, the said Board of Commissioners gave their consent to the tearing down of Fountain County's court house, and which was done by the Works Progress Ad-

ministration without any cost to said county, and which has been done before this suit was brought. And said Board gave notice in legal form that they would receive bids for the construction of a new court house on the 5th day of May, 1936, that on said day a contract was let to the Jacobson Company, for the construction of a new court house, according to the plans and specifications prepared by the architect on an estimated cost of $246,000.00, 55% of which price was to be paid by Fountain County, and the other 45% to be paid by the National Government, under a Public Works Administration grant; that the successful bidder for said contract bid approximately $200,000.00 and was accordingly awarded the contract by the said Board of Commissioners, leaving a balance out of said estimated cost sufficient to furnish said court house and to pay the architects and the cost of the supervision of construction, and other incidentals, which contract has been approved by the Public Works Administration, and said Public Works Administration stands ready and is willing to pay 45% of the construction of said court house under said contract so awarded to the Jacobson Company; that if said contract is not carried out, and within the time specified therein, and before a meeting of the County Council at their regular annual session in September, 1936, said grant from the Federal Government will be withdrawn and said Fountain County will be unable to secure another grant and will be unable to construct, alone, a court house sufficient for the needs of said county.

Said defendants further say that said County Treasurer is offering to deliver the bonds so sold by the County Auditor, and that the Board of County Commissioners are willing to carry out the contract for the construction of said court house, under said contract so awarded; that if said bonds are delivered and said court house is constructed said County Council will levy

an annual tax for the payment of the principal and interest of said bonds, that if said taxes are so levied the County Auditor will enter such taxes on the tax duplicates of said county, and the County Treasurer will collect such taxes.

Defendants further say that an emergency existed for the making by the County Council at its special session on December 16 and 17, 1935, of the appropriation so made, that all the acts complained of by the plaintiffs were legal and proper, and made in the exercise of the rights of the officers complained of.

We believe that the evidence abundantly sustains the decision of the trial court and that the decision is not contrary to law. On the question of when the emergency arose with reference to the regular and special meetings of the county council the facts of the instant case readily distinguish it from the case of *State ex rel. Kautz* v. *Board of Commissioners of Howard County* (1933), 204 Ind. 484, 184 N. E. 780. In the latter case all of the facts constituting the alleged emergency relied upon existed prior to the regular meeting of the county council. It is quite the contrary in the instant case. It is true that the dilapidated condition of the court house existed practically the same at the time of both the regular and special meetings of the county council. But it is also true that on August 28, 1935, the county received a telegram from the Administrator of Public Works of the United States, for the State of Indiana, stating that if an application could be filed before September 5, 1935, with the Public Works Administration, for a grant to aid in the construction of a new court house for Fountain County, based upon a new and lower estimate, that in all probability such grant would be made; that thereafter and on August 31, 1935, such application was made, based upon an estimate of $246,000.00; that after said application was so made no further definite assur-

ance was received until in November, 1935, which was after the regular meeting and before the special meeting of the said County Council, when assurance was given to the Board of Commissioners of the county of Fountain, State of Indiana, that if Fountain County would act immediately and would proceed at once to raise 55% of the cost of the construction of a new court house, based upon an estimated cost of $246,000.00, that the Federal Government, through the Public Works Administration, would make a grant of 45% of such cost, and would raze the old court house without cost to the county; that upon the receipt of such assurance and acting thereon and realizing the needs of said county for a new and adequate court house, and realizing the inability of the county to finance the construction of a court house, adequate to the needs of the county, without aid, and realizing the dangerous condition of the present court house and the danger to the books and records of said county from fire, and the danger to the occupants of said building, and the public generally when transacting public business in said building, the Board of Commissioners on the 3rd day of December, 1935, adopted an estimate for the construction of a new county court house, prepared by an architect who had been engaged for the purpose of said estimate by said Board, and at said time said Board of Commissioners entered an order on the records of said Board, directing the Auditor to call the county council in special session at the earliest possible legal date, for the purpose of making an appropriation and authorizing the issuance of bonds to finance the county's part of the construction of said court house; that thereafter and pursuant to said order, the said county auditor gave notice to the taxpayers of Fountain County, Indiana, of the special meeting of the Fountain County Council to be called on December 16 and 17, 1935, for the purpose of considera-

tion of an additional appropriation for the construction of a new court house building for Fountain County, Indiana, and the authorization of the issuance of bonds of said county for the payment of 55% of the cost of construction of said court house; that said council did meet on said 16th and 17th days of December, 1935, for said purpose, and being duly advised of all of said matter declared that an emergency existed for an additional appropriation for the construction of a new county court house and appropriated the sum of $136,-000.00 and authorized the issuance of bonds of Fountain County for said amount for said purpose. That no remonstrance was filed against said proposed bond issue and the same was approved by the State Board of Tax Commissioners. Said appropriation could not be postponed until the next annual meeting of said council for the reason that the taxable property of Fountain County would not be sufficient to enable the county to issue its bonds for a sum sufficient to enable it to construct a court house unaided, and that if said appropriation had been so postponed the offer of a grant from the Public Works Administration would have been withdrawn.

The mere fact that one of the factors of the present emergency, to wit, the dilapidated condition of the court house, existed at the time of the regular meeting of the County Council would not preclude that fact from being considered along with all the other new factors above enumerated as constituting the new emergency existing at the time of the special meeting of the County Council. The situation as above pointed out had become materially changed since the regular meeting of the County Council and we believe the trial court was correct in its conclusion that there was thereby created an emergency within the meaning of the County Council Act since the regular meeting of the said County Council. We make no attempt to define the word emergency any

further than to say that in our opinion the facts in the instant case clearly show such a combination of circumstances as to require immediate pressing action highly beneficial to the county, thus warranting the emergency action taken. The following cases have been helpful: *State ex rel. Kautz* v. *Board of Commissioners of Howard County, supra; People of Ill.* v. *Board of Supervisors* (1887), 21 Ill. App. 271; *Board of Supervisors of Logan Co.* v. *People et al.* (1886), 116 Ill. 466, 6 N. E. 475.

The decision of the court is sustained by sufficient evidence and is not contrary to law.

Judgment affirmed.